IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

SHANE COWLEY,

       Movant,

v.                          Case No. 2:07-cv-00238
                              Case No. 2:99-cr-00170-01

UNITED STATES OF AMERICA,

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On April 16, 2007, Movant, Shane Cowley, filed a "Motion for Resentencing," which was docketed as a Motion for Modification of Sentence under 18 U.S.C. § 3582(c) (docket sheet document # 156). On May 1, 2007, the United States was ordered to respond to the motion.  (# 159).

After an extension of time to respond was granted, the United States filed a Response to the Motion for Modification of Sentence on June 14, 2007.  (# 162).  Movant was given an opportunity to file a reply by June 30, 2007, but failed to do so.  The matter is now ripe for determination.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 8, 1999, Petitioner was named in a four-count indictment charging him with unlawful transportation of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count One); conspiracy to possess with intent to distribute

methamphetamine and aiding and abetting the possession with intent
to distribute methamphetamine, in violation of 21 U.S.C. § 846 and
18 U.S.C. § 2 (Count Two); aiding and abetting the use and carrying
of a firearm in relation to a drug trafficking crime, in violation
of 18 U.S.C. §§ 924(c)(1) and (2) (Count Three); and intimidation
of a witness, in violation of 18 U.S.C. § 1512(b)(2) (Count Four).
Defendant went to trial on all four charges in January of 2000.
That trial ended in a mistrial as a result of an improper
communication with a juror by Defendant's sister.  Defendant's
second trial commenced on March 14, 2000.  On March 16, 2000,
Defendant was convicted on all four counts.

On August 17, 2000, Defendant was sentenced to a term of 45
years of imprisonment, which consisted of 10 years for possession
of a stolen firearm (Count One), 20 years for the drug trafficking
charge (Count Two), 5 years for the use and carrying of a firearm
in relation to a drug trafficking crime (Count Three), and 10 years
for tampering with a witness (Count Four). (<u>See</u> Judgment in a
Criminal Case, # 80).

Defendant filed a direct appeal to the United States Court of
Appeals for the Fourth Circuit on August 22, 2000.  The Fourth
Circuit affirmed Defendant's conviction and sentence on April 30,
2001.  <u>Cowley v. United States</u>, No. 00-4612 (4th Cir., April 30,
2001).

2

On Aril 1, 2002, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, in which he alleged claims of ineffective assistance of counsel, non-disclosure of Brady material, and insufficiency of evidence. (Cowley v. United States, Case No. 2:02-cv-0402/2:99-cr-00170-01, # 97). Following an evidentiary hearing, the presiding District Judge denied the section 2255 motion on March 20, 2006. That judgment was affirmed on appeal on June 21, 2006, and a Mandate issued on August 14, 2006. (Id., ## 150-152). Movant then filed the instant Motion for Modification of Sentence on April 16, 2007. (# 156).

## ANALYSIS

Title 18, United States Code, Section 3582(c) provides as follows:

> **(c) Modification of an imposed term of imprisonment.**
> The court may not modify a term of imprisonment once it has been imposed except that -
>
> **(1)** in any case –
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . and
> **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of

3

Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(emphasis added).

Movant's motion asserts:

In the Presentence Report, the Probation Officer held, in part, that "[t]he provisions of Application Note 2, Commentary to U.S.S.G. § 2K2.4, which is the proposed guideline for the use of a firearm in a drug trafficking offense, specifically states the enhancement for possession of the firearm shall not apply if the defendant is also convicted of a violation of 18 U.S.C. § 924(c). However, it is the position of the probation officer that because there were two separately possessed firearms used, one by the defendant, the other by his co-conspirator, Mr. Cowley should be held accountable for the gun possessed by Ronnie Moore in their jointly undertaken criminal activity." <u>See</u>, Exhibit A, Presentence Report at page 14.

Cowley contends that this was impermissible double counting. As the Probation Officer noted in Cowley's Presentence Report, the U.S. Sentencing Commission in 1998 amended the Guidelines with respect to § 2K2.4, the section that governs sentencing for § 924(c) offenses, and held, in part, that "[i]f a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use or discharge of an explosive or firearm when determining the sentence for the underlying offense." <u>United States Sentencing Guidelines Manual</u> § 2K2.4 (1998).

However, as relevant here, the Commission amended § 2K2.4 again in 2000, and held that "[d]o not apply any weapon enhancement . . . if . . . a co-defendant . . . possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c) . . . or . . . in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c)." <u>U.S. Sentencing Guidelines Manual</u>, supp. to

4

app. C, amend. 599 (2000).

(# 156 at 2-3).

Based upon this amendment to the Guidelines, Movant argues that his sentence could not be enhanced for either his co-defendant's possession of a firearm or his possession of a second weapon during an ongoing drug trafficking offense.  See United States v. Knobloch, 131 F.3d 366, 372 (3d Cir. 1997)(finding error in the application of an enhancement to statutory penalty "even if the section 924 (c)(1) sentence is for a different weapon than the weapon upon which the enhancement is predicated.") (Id. at 3).

Concerning the Guideline calculation on Count One (Possession, Transportation and Transfer of a Stolen Firearm), Movant's Presentence Report also states the following:

> It is the opinion of the government and the probation officer concurs that the defendant intended to use the subject stolen firearm in the robbery and homicide of Jeff Stone. However, the weapon was not utilized due to its faulty condition.  It is recommended that four additional levels be awarded for the defendant's intent to use [the firearm] in the commission of another felony offense, that is, robbery.

(# 156, Ex. B at 13).  Movant contends that this enhancement was also improper.  Movant's motion states:

> As the Fourth Circuit has already advised, ". . . federal law provides three ways to penalize a defendant who unlawfully possessed a firearm and used or carried it during a drug trafficking offense.  First, the defendant may be convicted and sentenced under § 924(c).  Second, if the defendant is convicted of a drug trafficking offense . . ., U.S.S.G. § 2D1.1(b)(1) provides for a two-level enhancement 'if a dangerous weapon (including a firearm) was possessed.'  And third, if the defendant is

convicted of unlawful possession of a firearm, his sentence may be enhanced for using the firearm 'in connection with another felony offense.'" <u>United States v. Goines</u>, 357 F.3d 469, 472 (4th Cir. 2004)(<u>citing</u>, <u>U.S. Guidelines Manual</u> §§ 2D1.1(b)(1) and 2K2.1(b)(5)).

At first blush, it would appear that the Probation Officer's assertion was correct. But as <u>Goines</u> further counsels, "[e]ven before it was modified by Amendment 599, Note 2 provided that a defendant who had been convicted of a drug trafficking offense and a § 924(c) violation could not receive a § 2D1.1(b)(1) enhancement in addition to a sentence for the § 924(c) conviction." <u>Id.</u> at 472. Furthermore, "Amendment 599 makes clear that it is also improper to impose a § 2K2.1(b)(5) enhancement on a defendant who has been convicted of a firearm offense along with a § 924(c) violation." <u>Id.</u> at 472-473.

Therefore, as <u>Goines</u> makes perfectly clear, it was impermissible for Cowley to receive either of the enhancements since he was convicted of a § 924(c) violation which encompassed the underlying offense. Thus, this court should reduce his sentence accordingly.

(<u>Id.</u> at 3-4). Movant also contends that the Fourth Circuit has found that Amendment 599 may be retroactively applied in a section 3582(c)(2) proceeding. <u>United States v. Fletcher</u>, 74 F.3d 49, 56 (4th Cir. 1996). (<u>Id.</u> at 4).

The United States' Response first addressed the Guidelines calculations for Movant's sentences as follows:

The Presentence Investigation Report (hereinafter "PSIR") found that none of the four counts grouped, pursuant to USSG § 3D1.4(c). PSIR at [¶] 31. The PSIR found that the offense level for Count One was 22, which included a four-level increase based on the intended use of a weapon in another felony. <u>Id.</u> at [¶¶] 35, 38.

The PSIR found that the offense level for Count Two was 47. First, it calculated the offense level pursuant to USSG §2D1.1(a)(3)(c)(6), which included a two-level increase based on the co-defendant's possession of a

6

firearm, a two-level enhancement for defendant's role in the offense, and an additional two-level adjustment for obstruction of justice. Id. at [¶¶] 42, 43, and 45. This resulted in an offense level of 34. Id. at [¶] 48. Second, the PSIR applied the cross-reference to murder, resulting in the offense level of 47. Id. at [¶] 49. This calculation involving the murder cross-reference was not in any way based upon the two-level increase for the co-defendant's possession of a firearm. Id. at [¶¶] 50-55. Because this offense level was higher, it was the applicable offense level for Count Two. Id. at [¶] 93.

The PSIR concluded that on Count Three, defendant faced a mandatory sentence of five years. Id.

The PSIR found that the offense level on Count Four was 12. This did not involve any firearm-related adjustment. Id.

The PSIR then applied the grouping rules (USSG § 3D1.4) to the Guideline calculations for the four groups. Id. at [¶] 31. First, it counted as one unit the group with the highest level, that is, Count Two with an offense level of 47. Id. Second, it found that Counts One and Four could be disregarded because each was 9 or more levels less serious than the group with the highest level. Id. Since only one unit was counted, the offense level was not increased. Id.

(# 162 at 4-5). The United States then argues that, because neither firearm enhancement determined the sentencing range for the sentence imposed, Movant was not sentenced based upon a sentencing range that has been lowered by the United States Sentencing Commission. (Id. at 5). The United States further contends:

The District Court specifically held that the cross-reference to the murder enhancement was appropriate, given the defendant's role in the murder. Transcript of Final Disposition Hearing, August 17, 2000, (hereinafter "transcript"), 577-78. From this finding, the District Court finds the base offense level rises to 43. Id. This offense level would rise to 43 regardless of whether there was a finding of a firearm, as no specific offense characteristics are contained within USSG § 2A1.1. This

7

fact was correctly noted in the presentence report.  <u>See</u>
PSIR at 49.

   The District Court also made an alternative finding
that an upward departure to offense level 43 is
independently appropriate without the cross-reference.
Transcript at 578.  ("[Q]uite apart from the cross-
reference, the court . . . finds that if the cross-
reference did not apply, an upward departure to the same
offense level of 43 is appropriate inasmuch as death
resulted from the robbery of Jeff Stone in an act that
constituted first degree murder on the part of the
defendant.") <u>Id.</u> at 578-79.  (Brackets added).  The Court
made numerous findings in support of this alternative
sentencing methodology pursuant to USSG §5K2.1 to raise
the base offense level to 43.  <u>Id.</u> at 579.

   It is from this base offense level that the
additional enhancements are placed on the court's
sentencing calculation.  Two additional points are given
due to the defendant's "managerial and leadership role."
<u>Id.</u> at 579.  Two additional points are given due to
defendant's "false testimony at trial."  <u>Id.</u> at 579-89.
This arrives at the total offense level of 47 and a
criminal history of IV.  <u>Id.</u> at 580.  All parties agreed
that the statutory maximum was 45 years.  <u>Id.</u> at 581.
This was the sentence imposed.  <u>Id.</u> at 596.

(<u>Id.</u> at 5-6).

The United States cites to several recent unpublished cases in

which two district courts within the Fourth Circuit, and the United

States Court of Appeals for the Eleventh Circuit have held that

Amendment 599 has no application to a defendant whose guideline

calculation was not enhanced for the use of a weapon.  <u>See</u> <u>United</u>

<u>States v. Nelson</u>, 2007 WL 1412939 (W.D. Va., May 10, 2007); <u>United</u>

<u>States v. Tawalbeh</u>, 2007 WL 1289907 (W.D. Va., April 30, 2007);

<u>United States v. Smith</u>, 221 Fed. Appx. 921, 2007 WL 1017363 (11th

Cir., Apr. 5, 2007).  The United States argues, based on this case

law, that Amendment 599 is immaterial to Movant's case because his actual sentence did not result from the application of a firearms enhancement.  The undersigned agrees.

Movant's actual sentence resulted from the application of the murder cross-reference to the calculation of his guideline sentence for Count Two, which, when grouped with the calculations made for Count One, which did include a firearms enhancement, and Count Four, canceled out those calculations because it had the highest level.  The five-year sentence for Count Three was dictated by statute, and involved no enhancement.

Because the Guideline range for the grouped offenses was life imprisonment, but the statutory maximums for each of the Movant's offenses of conviction were less than life, Movant's sentences consisted of the statutory maximums for each offense, resulting in a total term of imprisonment of 45 years.  This calculation was not, in any way, based upon a firearms enhancement.  Accordingly, Movant's sentence is not affected by Amendment 599.

The undersigned proposes that the presiding District Judge **FIND** that Movant's sentencing range has not been lowered by the Sentencing Commission since imposition of judgment.  The undersigned further proposes that the presiding District Judge **FIND** that Defendant has not demonstrated that he is entitled to a modification of his sentence under any other provision of section 3582(c).  Accordingly, it is respectfully **RECOMMENDED** that

9

Defendant's section 3582 motion (# 156) be **DENIED**.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Shane Cowley, and to counsel of record.

January 6, 2009
Date

Mary E. Stanley
United States Magistrate Judge

11