```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**SHANE COWLEY,**

      Movant

v.                                   CIVIL ACTION NO. 2:07-0238
                                         (Criminal No. 2:99-00170-01)

**UNITED STATES OF AMERICA,**

      Respondent

## MEMORANDUM OPINION AND ORDER

Pending is the movant's motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2), filed April 16, 2007.

Movant seeks the modification of his 45-year term of imprisonment, imposed following his conviction by a jury on four counts, namely, (1) possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), (2) aiding and abetting the attempt to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 2, (3) aiding and abetting the use and carrying of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1) and (2), and (4) witness intimidation, in violation of 18 U.S.C. § 1512(b).

The movant's direct appeal, decided April 30, 2001, was unsuccessful.  On April 29, 2002, movant sought relief pursuant

to section 2255.  After receiving the May 23, 2003, proposed findings and recommendation of the United States Magistrate Judge, the court entered its Judgment, along with an accompanying memorandum opinion and order denying movant's section 2255 motion.  On June 21, 2006, the court of appeals affirmed the Judgment.  The mandate issued August 14, 2006.

The magistrate judge recommends in her current proposed findings and recommendation ("PF&R") that the court deny the section 3582(c)(2) motion inasmuch as, <u>inter alia</u>, movant has not demonstrated that the range to which he was subjected under the United States Sentencing Guidelines has been lowered by the United States Sentencing Commission since entry of movant's criminal Judgment.  Specifically, the magistrate judge concludes as follows:

> Movant's actual sentence resulted from the application of the murder cross-reference to the calculation of his guideline sentence for Count Two, which, when grouped with the calculations made for Count One, which did include a firearms enhancement, and Count Four, canceled out those calculations because it had the highest level.  The five-year sentence for Count Three was dictated by statute, and involved no enhancement.

(PF&R at 9).

While the movant objects to the magistrate judge's conclusion, her analysis is unassailable.  The Statement of Reasons reflects the calculation of the movant's sentence, and

the fact that the enhancements about which he complains played no role in the term imposed:

> The court finds that the cross-reference set forth at U.S.S.G. § 2D1.1(d)(1) applies inasmuch as the Count II attempt to possess methamphetamine with intent to distribute involved the robbery and murder of Jeff Stone, a known drug dealer, who was killed by the defendant and the accomplice whom he recruited and was working with him and at his direction under circumstances that would constitute murder in the first degree under 18 U.S.C. § 1111, had such killing taken place within the territorial or maritime jurisdiction of the United States. The court specifically finds each and all the facts set forth in the presentence report on pages 5 through 11, consisting of paragraph numbers 5 through 27. Consequently, U.S.S.G. § 2A1.1 applies and establishes a base offense level of 43.
>
> In addition, also based on the same factual findings made and incorporated herein, the court finds that, if the cross-reference did not apply, an upward departure to the same base offense level of 43 is appropriate inasmuch as death resulted from the robbery of Jeff Stone in an act that constituted first degree murder on the part of the defendant. Accordingly, the court also departs to base offense level 43 pursuant to U.S.S.G. § 5K2.1.
>
> As set forth in the Presentence Report, the court finds that the defendant occupied a managerial and leadership role warranting a two-level enhancement and that the defendant obstructed justice by testifying falsely at trial warranting an additional two-level increase. Based on the court's findings and as set forth in the Presentence Report, the defendant's Total Offense Level is 47, with a Criminal History Category of IV, yielding a guideline sentencing range of Life. However, due to the statutory maximum available on all counts, the guideline sentence is fixed at 45 years.

(Jgt. at 7.1).

Accordingly, based upon the foregoing discussion, the court ORDERS as follows:

1. That the PF&R be, and it hereby is, adopted and incorporated herein;

2. That the movant's motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2) be, and it hereby is, denied;

3. That this action be, and it hereby is, dismissed and stricken from the docket.

The movant has 60 days from the entry of this memorandum opinion and order in which to appeal the denial of his motion. Failure within 60 days from this date to file with the Clerk a notice of appeal of this memorandum opinion and order and the Judgment thereon will render this memorandum opinion and order and the Judgment thereon final and unappealable.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

ENTER: April 23, 2009

John T. Copenhaver, Jr.
United States District Judge

4